FILED

02 MAY 28 AM 9:16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SAMUEL R. LARGE, | No. 1:02CV177 |
| Plaintiff, | Fort Wayne Division |
| v. | |
| MOBILE TOOL INTERNATIONAL, INC., MTI INSULATED PRODUCTS, INC., TECO INC., and OCET, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff, Samuel R. Large, by his undersigned counsel, McGuireWoods LLP, files the following Complaint against Defendants, Mobile Tool International, Inc., MTI Insulated Products, Inc., TECO Inc., and OCET, Inc. and states as follows:

### PARTIES

1. Samuel R. Large ("Large") is an adult individual and a citizen of the State of North Carolina.

2. Mobile Tool International, Inc. is a corporation organized and existing under the laws of the State of Maryland and maintaining a principal place of business at 5600 West 88th Avenue, Westminster, Colorado 80031.

3. MTI Insulated Products, Inc. is a corporation organized and existing under the laws of the State of Indiana and maintaining a principal place of business at 9733 Indianapolis Road, Fort Wayne, Indiana 46809.

4. TECO Inc. and OCET Inc. are corporations organized and existing under the laws of the State of Indiana. Upon information and belief, TECO Inc. and/or OCET Inc. were combined and/or merged into Mobile Tool International, Inc. or MTI Insulated Products, Inc. in or about 1998.

5. Upon information and belief, MTI Insulated Products, Inc. and TECO Inc. and/or OCET Inc. are operated as wholly-owned subsidiaries of Mobile Tool International, Inc.

6. At all times relevant hereto, Mobile Tool International, Inc. and/or MTI Insulated Products, Inc. are the successors to TECO Inc. and/or OCET Inc. as a result of:

    a. An implied and/or express agreement to assume the obligations of TECO Inc. and/or OCET Inc.; and/or

    b. A fraudulent sale, transfer, or other transaction of the assets of TECO Inc. and/or OCET Inc. performed for the purpose of avoiding liability; and/or

    c. A purchase or acquisition of TECO Inc. and/or OCET Inc. or their assets that is a de facto consolidation or merger; and/or

    d. A purchase or acquisition of TECO Inc. and/or OCET Inc. or their assets that is a mere continuation of TECO Inc. and/or OCET Inc.; and/or

    e. A purchase or acquisition of TECO Inc. and/or OCET Inc. or their assets and the continuation and manufacture of the product line(s) previously manufactured by TECO Inc. and/or OCET Inc.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity jurisdiction between Plaintiff and Defendants and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

8. Venue over this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a).

## ALLEGATIONS OF FACT

9. In the Summer of 2000, Large was employed as an electric line repairman by the Davis H. Elliott Company.

10. During this period, the Davis H. Elliott Company was retained by the City of Danville, Virginia, to repair and replace elevated high-voltage electrical lines throughout the municipality.

11. In order to perform the repair work, the Davis H. Elliott Company provided Large with a 1996 "Boom/Bucket" Truck (hereinafter "the Truck") designed, manufactured, advertised and leased or furnished by Defendants.

12. The Truck consisted of several parts: the vehicle portion comprised of a truck chassis, engine and wheels; the boom comprised of an upper and lower hydraulic arm and a turntable which permits the boom to rotate; and the bucket, comprised of a fiberglass material and containing switches and controls by which an operator may maneuver the boom while he is in the bucket.

3

13. The Truck was specifically designed, manufactured, advertised and sold by Defendants for use in the electric utility industry, and the boom and bucket of the Truck were supposed to be insulated and, as a result, be able to absorb electric current resulting from foreseeable proximity to high-voltage electric lines.

14. During the course of his work, Large operated the Truck in a reasonable manner, at all times complying with the safety rules of his profession and Defendants' instructions and labels applicable to safe use and operation of the Truck.

15. On June 19, 2000, Large was using the Truck to repair and replace high-voltage electric lines in Danville, Virginia. Large was using the prescribed safety equipment, including a safety harness, insulated gloves, vest, and insulated tools.

16. While he was in the bucket, Large maneuvered the boom and bucket into place to allow him to access the high-voltage electric lines he was in the process of repairing.

17. As he positioned the boom and bucket, the upper arm of the bucket came into proximity with the high-voltage electric lines.

18. Although the Truck supposedly was designed and built to protect operators and occupants from electric current resulting from proximity to high-voltage electrical lines in the ordinary course of use, the boom of the Truck nonetheless conducted more than 10,000 volts of electricity into the upper arm of the boom.

19. Melted by the electrical current coursing through the boom, the hydraulic hoses running inside the boom channel housing melted and burst, spraying highly flammable hydraulic

liquid throughout the boom channel and up into the bucket above. The destruction of the hydraulic hoses damaged the bucket controls, both from the bucket and from the ground.

20. Perceiving that the hydraulic fluid fire was about to engulf him in the bucket, Large jumped from the bucket and dangled by his safety harness nearly forty feet over the ground below.

21. Covered with flammable hydraulic fluid and fearing for his life, Large hung suspended in midair while his co-workers tried unsuccessfully to lower the immobilized boom to the ground. After several minutes, Large's fuel-soaked safety harness burned through, dropping him into a freefall to the hard pan below.

22. Large's body rolled down a steep embankment and came to rest, bloodied and injured, in a high-speed travel lane of adjacent state highway 58.

23. Large's co-workers sprinted to the highway's edge and managed to stop traffic before cars struck Large as he bled on the asphalt of Route 58.

24. As a result of his exposure to the intense heat from the Truck's fire, and his fall from the height of the bucket, Large suffered physical injuries including but not limited to a fractured ankle, broken vertebrae, head injuries, plus serious emotional and psychological trauma.

25. Large has already undergone back surgery with subsequent surgery a likelihood. He has been the subject of continuous medical treatment since the date of the incident, and has been at all times under physicians orders prohibiting him from resuming his vocational duties.

## COUNT I
## NEGLIGENCE

26. Large incorporates by reference his allegations contained in paragraphs one through twenty-five of this Complaint, inclusive.

27. Defendants owed a duty to purchasers and users of the Truck to design and manufacture the Truck in a proper, workmanlike and safe manner.

28. Defendants breached this duty generally and in the following particulars:

   a. Failing to design and/or manufacture the Truck to withstand or absorb high-voltage electrical current arising from expected and foreseeable proximity with high-voltage electrical power lines;

   b. Failing to design and /or manufacture the Truck without component parts that would unreasonably conduct electricity;

   c. Failing to design and/or manufacture the Truck to prevent or minimize the risk of fire arising from proximity with high-voltage electrical power lines;

   d. Failing to design and/or manufacture the Truck to prevent or minimize the risk of ignition of hydraulic fluid in the event of proximity with high-voltage electrical power lines and/or fire caused by such proximity;

   e. Failing to design and/or manufacture the Truck to permit continued operation of the bucket and/or ground controls in the event of proximity with high-voltage electrical power lines and/or fire caused by such proximity;

6

      f.      Failing to design and/or manufacture the Truck with safety controls or devices that would permit the boom to be lowered once its hydraulic capacity had become damaged;

      g.      Failing to properly furnish users or otherwise label the Truck with adequate instructions as to its safe operation, and failure to identify and warn of known or foreseeable risks associated with operation of the Truck in proximity to high-voltage electrical power lines.

29.      Defendants were on notice from prior accidents and incidents, and otherwise knew of the danger to the user of the Truck posed by its operation in proximity to high-voltage electrical power lines. Defendants intentionally and/or recklessly disregarded such information, and failed to provide users with reasonable warning and safety information, and failed to design, manufacture or maintain the Truck so as to guard against such foreseeable danger.

30.      As a direct and proximate result of Defendants' wrongful conduct, Large suffered damages including but not limited to personal injury, medical expenses, economic damages, inconvenience and pain and suffering.

WHEREFORE, Plaintiff, Samuel R. Large, demands judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of $3,800,000 plus applicable judgment interests, punitive damages, costs and reasonable attorneys fees, together with any such other equitable relief that this Court may deem just and proper.

## COUNT II
## PRODUCT LIABILITY

31. Large incorporates by reference his allegations contained in paragraphs one through thirty of this Complaint, inclusive.

32. The Truck was defective and unreasonably dangerous when used in the manner in which it was designed, manufactured, advertised and sold by Defendants for use in the electric utility industry.

33. The Truck as designed, manufactured and advertised by Defendants was not substantially changed in condition when used by Large.

34. Defendants possessed notice, knowledge and/or information relating to the dangers and defects inherent in the manufacture and/or design of the Truck relative to the dangers associated with workplace use and proximity between the Truck and high-voltage electrical power lines and intentionally and/or recklessly disregarded such information and failed to provide users with this information and/or design and/or manufacture the Truck to guard against such danger.

35. As a direct and proximate result of the Truck's defective and dangerous condition, Large suffered damages including but not limited to personal injury, economic damages, inconvenience and pain and suffering.

WHEREFORE, Plaintiff, Samuel R. Large, demands judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of $3,800,000 plus applicable judgment interests, punitive damages, costs and reasonable attorneys fees, together with any such other equitable relief that this Court may deem just and proper.

## COUNT III
## BREACH OF WARRANTY OF MERCHANTABILITY

36. Large incorporates by reference his allegations contained in paragraphs one through thirty-five of this Complaint, inclusive.

37. Defendants' design, manufacture, advertisement and sale of the Truck amounted to a warranty of merchantability and fitness for general use in the electric utility industry because the boom and bucket of the Truck were allegedly designed and/or manufactured to absorb electric current resulting from proximity with high-voltage electrical lines.

38. Defendants breached this warranty by failing to properly design and/or manufacture the Truck to absorb or insulate against the conduction of electric current resulting from proximity with high-voltage electrical lines.

39. Defendants possessed notice, knowledge and/or information relating to the dangers associated with proximity between the Truck and high-voltage electrical power lines and intentionally and/or recklessly disregarded such information and had no intention of complying with or satisfying the warranty of merchantability provided to users of the Truck such as Plaintiff.

40. As a direct and proximate result of Defendants' breach of warranty of merchantability, Large suffered damages including but not limited to personal injury, economic damages, inconvenience and pain and suffering.

WHEREFORE, Plaintiff, Samuel R. Large, demands judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of $3,800,000 plus applicable

judgment interests, punitive damages, costs and reasonable attorneys fees, together with any such other equitable relief that this Court may deem just and proper.

## COUNT IV
## BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

41. Large incorporates by reference his allegations contained in paragraphs one through forty of this Complaint, inclusive.

42. Defendants' design, manufacture, advertisement and sale of the Truck provided a warranty of fitness for the particular purpose of safely operating in proximity to high-voltage electrical lines.

43. Defendants breached this warranty by failing to properly design and/or manufacture the Truck to absorb or insulate against the conduction of electric current resulting from proximity with high-voltage electrical lines.

44. Defendants possessed notice, knowledge and/or information relating to the dangers associated with proximity between the Truck and high-voltage electrical power lines and intentionally and/or recklessly disregarded such information and had no intention of complying with or satisfying the warranty for the particular purpose provided to users of the Truck such as Plaintiff.

45. As a direct and proximate result of Defendants' breach of warranty for the particular purpose described above, Large suffered damages including but not limited to personal injury, economic damages, inconvenience and pain and suffering.

WHEREFORE, Plaintiff, Samuel R. Large, demands judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of $3,800,000 plus applicable

judgment interests, punitive damages, costs and reasonable attorneys fees, together with any such other equitable relief that this Court may deem just and proper.

## COUNT V
## BREACH OF EXPRESS WARRANTY

46. Large incorporates by reference his allegations contained in paragraphs one through forty-five of this Complaint, inclusive.

47. Defendants provide an express contractual warranty that the Truck can be safely operated in proximity to high-voltage electrical lines and that the Truck is designed and manufactured to absorb electric current resulting from proximity with high-voltage electrical lines.

48. Defendants possessed notice, knowledge and/or information relating to the dangers associated with proximity between the Truck and high-voltage electrical power lines and intentionally and/or recklessly disregarded such information and had no intention of complying with or satisfying the express warranty of merchantability provided to users of the Truck such as Plaintiff.

49. Defendants breached this express warranty by failing to properly design and/or manufacture the Truck to absorb or insulate against the conduction of electric current resulting from proximity with high-voltage electrical lines.

50. As a direct and proximate result of Defendants' breach of express warranty, Large suffered damages including but not limited to personal injury, economic damages, inconvenience and pain and suffering.

WHEREFORE, Plaintiff, Samuel R. Large, demands judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of $3,800,000 plus applicable judgment interests, punitive damages, costs and reasonable attorneys fees, together with any such other equitable relief that this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

Dated: May 23, 2002

Stanley F. Wruble, III
Indiana Attorney No. 20437-20

McGuireWoods LLP
77 West Wacker Drive, Suite 4400
Chicago, Illinois 60601
(312) 849-8242