UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL R. LARGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO.  1:02cv177 |
| ) | |
| MOBILE TOOL INTERNATIONAL, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a "Motion for Stay of Briefing on Davis Elliott's Motion for Summary Judgment on Spoliation Pending Resolution of MTI's Motion to Strike Counterclaim", filed by third-party plaintiff Mobile Tool International, Inc. ("Mobile Tool"), on August 8, 2006.  Third-party defendant Davis H. Elliot Co. ("Elliot") filed its response on August 29, 2006, to which Mobile Tool replied on September 18, 2006.

Also before the court is a "Motion to Strike Third Party Defendant Davis H. Elliott's Counterclaim", filed by third party plaintiffs MTI and Mobile Tool (collectively "Mobile Tool") on August 8, 2006. Elliot responded to the motion on August 29, 2006, to which MTI and Mobile Tool on September 18, 2006.

Discussion

In support of its motion to strike Elliot's counterclaim for spoliation of evidence, Mobile Tool sets forth the following facts.  Mobile Tool filed a third-party complaint against Elliot for contractual indemnification.  Elliot initially filed a motion to dismiss two of the three claims and an answer to Mobile Tool's Third Party Complaint without any counterclaim.  Elliot's motion to dismiss was denied on February 22, 2005.  Elliott did not file an amended answer within ten days

after the denial of the motion to dismiss.  The parties, seeking to work through the issues without motion practice, agreed that Elliot could file an amended answer out of time and Elliot filed an amended answer (including a counterclaim) to Mobile Tool's Third Party Complaint on September 20, 2005 - which was stricken by the court for failure to comply with Local Rule 10.1 and refiled on September 26, 2005.  Mobile Tool argues that at no time did Mobile Tool consent to the inclusion of a counterclaim that was not included in its initial answer, and at no time did Elliot obtain leave of court to file a previously omitted counterclaim.

In response, Elliot argues that Mobile Tool's motion to strike is untimely and unduly prejudicial to Elliot.  Elliot points out that Mobile Tool admits that Elliot filed its counterclaim on September 26, 2005, over ten months prior to Mobile Tool's motion to strike.  Elliot notes that significant discovery and motion practice, at considerable expense to Elliot, has taken place in the prosecution of the counterclaim against Mobile Tool.  Elliot argues that no facts or procedural circumstances have changed since September 26, 2005, such that Mobile Tool could not have brought its motion to strike immediately after the filing of Elliot's answer and counterclaim.  Thus, Elliot concludes that Mobile Tool has waived its right to now move to strike Elliot's counterclaim.

Elliot also points out that Mobile Tool has failed to answer the counterclaim.  Elliot argues that Mobile Tool's motion to strike is merely an attempt to avoid the consequences of its failure to answer the counterclaim.  Elliot states that Mobile Tool had over seven months before Elliot filed its motion for summary judgment on the issue of spoliation[1] during which it could

---

[1] Mobile Tool has not yet filed a response to this motion for summary judgment.  Rather, Mobile Tool has filed the current motion to strike counterclaim and motion to stay briefing on the summary judgment motion.

have sought leave of court to answer the counterclaim.  Elliot argues that to now allow Mobile Tool to seek to strike Elliot's counterclaim would be extremely prejudicial, as Elliot now can no longer utilize fact discovery and expert disclosures to pursue its claim.

Elliot further states that prior to Mobile Tool filing its motion to strike, Elliott and Mobile Tool, during efforts to discuss settlement, agreed to extend the briefing schedules on (1) Elliot's motion for summary judgment on indemnification, and (2) Elliot's motion for summary judgment on spoliation.  In particular, the parties agreed, several times, to extend the time for Elliot to file its reply in support of its motion for summary judgment on indemnification and for Mobile Tool to file its response brief in opposition to Elliot's motion for summary judgment on spoliation.  Elliot claims that inherent in making this agreement was Mobile Tool's express representation that the extension was sought for the filing of its response brief on the merits of Elliot's motion for summary judgment on spoliation.  At no time did Mobile Tool raise the issue of a substitute pleading (the motion to strike counterclaim), nor did Elliot agree to a general extension of time for Mobile Tool to file a motion to strike counterclaim.  Elliot contends that Mobile Tool has still not filed the response which it claimed was the subject of the agreed motions to extend, and has taken advantage of said agreement to make its motion to strike counterclaim appear timely and unprejudicial.

Finally, Elliot maintains that its counterclaim is timely.  Elliot states that it did have leave of court to file its answer up to and including October 11, 2005.  As counterclaims are, according to Rule 13 of the Federal Rules of Civil Procedure, to be filed with a party's answer, this court's leave for Elliot to file its answer on or before October 11, 2005, additionally set the deadline for the filing of Elliot's counterclaim.  Thus Elliot concludes that it complied wholly with the court's

order and with Rule 13, and thus its counterclaim (filed with its answer) is timely.

This court agrees with Elliot that its counterclaim was timely filed. The parties agreed that Elliot could file an amended answer out of time. Counterclaims are a proper component of answers (and amended answers) and Elliot did not need leave of court to file a counterclaim with its amended answer. In any event, Mobile Tool has waived its arguments by waiting nearly a year after the counterclaim was filed to file the motion to strike.

As the motion to strike has been denied, the motion to stay briefing on Elliot's motion for summary judgment on spoliation is moot.[2] The response brief is due within 15 days of entry of this order, and the reply is due 15 days thereafter.

## Conclusion

On the basis of the foregoing, Mobile Tool's motion to strike is hereby DENIED and Mobile Tool's motion to stay briefing is hereby DEEMED MOOT. The parties shall complete the briefing on Elliot's motion for summary judgment on spoliation with the response brief due within 15 days of the entry of this order, and the reply due 15 days thereafter. No extensions of time will be granted.

---

[2] In support of its motion to stay briefing on Elliot's motion for summary judgment on spoilation, Mobile Tool argues that the legal predicate for Elliot's motion is no longer valid Indiana law. However, Mobile Tool acknowledges that it has briefed this issue in detail in its brief in support of its own motion for summary judgment on Elliot's Spoliation Claim (Docket No. 133). Thus, the court will not address this argument in this order, but will issue a ruling on the motions relating to spoliation after all the briefing is completed with respect to those motions.

Entered: October 30, 2006.

                                                s/ William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court