UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SAMUEL R. LARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:02cv177 |
| | ) | |
| MOBILE TOOL INTERNATIONAL, INC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MOBILE TOOL INTERNATIONAL, INC., et al., | ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS H. ELLIOT COMPANY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the third-party defendant, Davis H. Elliot ("Elliot")[1], on May 8, 2006. The Mobile Tool defendants filed their response on November 14, 2006, to which Elliot replied on November 29, 2006.

In an order entered July 27, 2007, this court took the motion under advisement pending resolution of Large's motion for sanctions. That motion has now been resolved, and the court will now deny Elliot's motion for summary judgment.

---

[1] Davis H. Elliot Co., Inc. was the plaintiff's employer, and had a contractual lease relationship with TECO, which was subsequently acquired by Mobile Tool.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim.  Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff."  Id.  In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party."  Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the

motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323.  The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment.  Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist.  In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated.  See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994).  In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511.  Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion.  L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the

3

outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

On June 19, 2000, Large, who was an employee of Elliot, was seriously injured when, during the use and operation of a bucket truck, the bucket came into contact with electric lines he was in the process of repairing. As a result of his injuries, Large instituted an action against Mobile Tool and others, for negligent design and/or manufacture, product liability, and breach of express and implied warranties (Counts I - IV). Large later added a claim for spoliation of evidence (Count VI).

On April 7, 2004, Mobile Tool filed a third-party complaint against Elliot, seeking defense and indemnification for the allegations contained in Large's complaint, breach of

4

contract for failure to defend Mobile Tool against Large's allegations, and breach of contract for failure to provide insurance to TECO.

The Mobile Tool Defendants filed a motion for summary judgment on Large's spoliation claim, arguing that the Indiana Supreme Court has held that Indiana does not recognize first-party intentional spoliation of evidence as an independent tort claim.  Gribben v. Wal-Mart Stores, Inc., 824 N.E.2d 349 (Ind. 2005).  Rather, spoliation issues are to be dealt with via various sanctions, such as "ordering that designated facts be taken as established, prohibiting the introduction of evidence, dismissal of all or any part of an action, rendering a judgment by default against a disobedient party, and payment of reasonable expenses including attorney fees." Id. at 351.  As first-party spoliation is not a recognized claim in Indiana in a tort case such as the one between Large and the Mobile Tool Defendants, summary judgment was granted in favor of the Mobile Tool Defendants on Large's spoliation claim.

The court will now address Elliot's motion for summary judgment on spoliation.  The Mobile Tool Defendants reiterate their argument that Indiana law does not allow an independent claim for spoliation.  Gribben v. Wal-Mart Stores, Inc., 824 N.E.2d 349, 355 (Ind. 2005).  However, as Elliot points out, Gribben only applies to a situation wherein a plaintiff has brought a tort claim against a defendant and the defendant has negligently or intentionally destroyed or discarded evidence that is relevant to that action.  In that situation, the plaintiff will not have a separate claim for spoliation of evidence because the plaintiff will already have existing claims against the defendant.  Such a plaintiff does not need a separate spoliation claim to pursue an affirmative remedy because such a plaintiff can simply piggyback discovery sanctions and legal inferences that the destroyed evidence would have been damaging to the spoliating party.  Elliot

5

explains that its spoliation claim is not analogous to that in <u>Gribben</u> because Elliot is not attempting to add a spoliation claim to an existing tort claim.  Rather, Mobile Tool has brought a contractual indemnification claim against Elliot and part of Elliot's defense is that the accident does not fall within the applicable indemnification language of the lease between Mobile Tool and Elliot and the injuries were directly and proximately caused by Mobile Tool's negligent design and manufacture.  Elliot contends that Mobile Tool forced Elliot to file a claim for spoliation because as long as Mobile Tool plans to pursue its indemnification claim against Elliot, then Elliot is forced to defend itself by claiming that it was unfairly prejudiced by the discarding and or/destroying of the bucket truck.  Thus, Elliot concludes that its spoliation claim is not a needless argument in addition to an existing tort claim.  Rather, Elliot is defending itself from litigation commenced by Mobile Tool.

In support of its motion for summary judgment on spoliation, Elliot states that Mobile Tool did not seek Elliot's permission to remove or transport the aerial lift, and that after the aerial lift was placed in the sole possession of representatives of Mobile Tool and transported to Mobile Tool's facility, the aerial lift was discarded and/or sold by Mobile Tool, even though Mobile Tool knew or should have known of the pending and/or future likelihood of litigation.

In response, Mobile Tool states that Elliot authorized repairs on the aerial lift, that Elliot never requested that Mobile Tool preserve any portion of the boom, and that Elliot has failed to demonstrate any actual prejudice from the destruction of the aerial lift.

In reply, Elliot disputes that it directed in any way the manner and performance of the work on the aerial lift.  Elliot also disputes that even though an invoice resulted in Elliot's payment of repairs to the aerial lift, Elliot never <u>authorized</u> those repairs.   Elliot further argues

that the work order for the repair of the aerial lift was not an authorization for discarding the lift. In fact, Elliot claims that since Mobile Tool owned the aerial lift (and merely leased it to Elliot), Elliot had no authority to request or approve the destruction of the lift.

Elliot also disputes that it was required to put Mobile Tool on notice that it should not destroy the aerial lift.  Rather, according to Elliot, Mobile Tool was well aware of the accident and knew fully of the potential pecuniary and liability implications of the bucket truck's involvement in the accident, such that the aerial lift should be preserved.

Elliot also states that as Mobile Tool has sued it for indemnification and has asked it to defend the product liability and breach of warranty counts levied against Mobile Tool, which counts focus on the disputed fact of whether the bucket truck was supplied with a boom end cap, it is common sense that it is prejudiced by its inability to examine the boom and end cap at issue.

As noted more fully in this court's orders regarding motions to exclude expert testimony, and motion for sanctions, the parties in this case have secured the testimony of experts who have been able to develop substantiated theories of the cause of the accident, even without access to the destroyed evidence.  The availability of these experts somewhat lessens the prejudice caused by the inability to examine the boom and end cap at issue.  This is especially true in the present case, where none of the parties are able to present first-hand evidence of the condition, etc. of the boom and end cap.

In any event, it is still not clear that Elliot's motion is supported by current Indiana case law.  As noted in Gribben:

> It may well be that the fairness and integrity of outcome and the
> deterrence of evidence destruction may require an additional tort
> remedy when evidence is destroyed or impaired by persons that are
> not parties to litigation and thus not subject to existing remedies

and deterrence.

Additionally, the Indiana Supreme Court, in <u>Glotzbach v. Froman</u>, 854 N.E. 2d 337, 341 (Ind. 2006), noted that "the disadvantages we identified in first-party spoliation claims remain concerns as to third-party claims." The Indiana Supreme Court then declined to recognize the third-party spoliation claim in that case.   Id. at 342.

In the present case, the offending entities, the Mobile Tool Defendants, are parties to the litigation and subject to existing remedies and deterrence. As set forth in this court's order regarding the motion for sanctions due to spoliation of evidence, this court has granted Large's motion for sanctions against the Mobile Tool Defendants, and Mobile Tool will not be permitted to profit from the destruction of evidence during the trial.

Accordingly, as appropriate sanctions are available to insure that all parties receive a fair trial in the case, the court will deny Elliot's motion for summary judgment on the issue of spoliation.

## Conclusion

Based on the foregoing, Elliot's motion for summary judgment on the issue of spoliation is hereby DENIED.

Entered: January 7, 2008.

s/ William C.  Lee
William C. Lee, Judge
United States District Court

8