UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL R. LARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:02cv177 |
| ) | |
| MOBILE TOOL INTERNATIONAL, INC., ) | |
| MTI INSULATED PRODUCTS, INC., ) | |
| TECO, INC., and OCET, INC., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a motion to bifurcate filed by the Mobile Tool defendants on November 19, 2007. The plaintiff, Samuel R. Large ("Large"), filed an opposition to the motion on December 4, 2007.

For the following reasons, the motion to bifurcate will be granted in part and denied in part.

Discussion

"The Court, in furtherance of convenience…, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim…or third-party claim, or of any separate issue or of any number of claims…, third-party claims, or issues…." Fed.R.Civ.P. 42(b). The appropriateness of bifurcating a trial under Rule 42(b) is entirely within the trial court's discretion. See, e.g, Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999). According to the Houseman court, the trial court must first determine whether separate trials would promote judicial economy, and if so, the trial court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Id. Finally, the court

must be satisfied that granting a motion to bifurcate would not violate the Seventh Amendment. Id. A court's order granting bifurcation may only be overturned on a showing of abuse of discretion. Id.

This Court has previously noted the Seventh Circuit's emphasis that a trial court must strive to "carve at the joint" when bifurcating claims. Fall v. Ind. Univ. Bd. of Tr., 33 F. Supp. 2d 729, 738 (N.D. Ind. 1998). That is, bifurcation is appropriate where the court can make a clean cut between distinguishable claims or issues.

The parties in this case dispute whether the case can be "carved at the joint" and, if so, which aspect of the case should be tried first.  Mobile Tool adamantly maintains that the indemnification issues in this case are distinct from the liability and damage issues, and that the indemnification issues should be tried first to facilitate settlement and trial strategy.  Large, however, claims that the indemnification issues are intertwined with the liability issues, and that if the case is bifurcated the indemnification issues should be tried last.  Large seems primarily concerned with having to testify in the indemnity phase of the case prior to testifying in the liability phase, and with the fact that his counsel would have to participate in the indemnity trial and cross examine witnesses to ensure that facts established during the indemnity trial would not have adverse and preclusive effects on him during his product liability case.  Large also argues that the Seventh Circuit Court of Appeals expressly counsels against the practice of resolving indemnity claims before liability is established in the underlying case.  See, e.g., Doe v. City of Chicago, 360 F.3d 667, 762 (7th Cir. 2004).  Large believes that trying the indemnity case first creates the potential for an "advisory opinion" type of outcome.  Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003).

This court finds that the case may be cleanly bifurcated with the liability and damage phase of the case to be tried first, and the indemnification issues to be tried last.[1]

Conclusion

Based on the foregoing, Mobile Tool's motion to bifurcate is hereby GRANTED IN PART AND DENIED IN PART. The liability and damage issues in this case will be tried first, and the indemnification issues will be tried 60 to 90 days after the first trial.

Entered: January 8, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court

---

[1] In its brief at page four, Mobile Tool states that "[t]he contractual indemnification claim involves a single disputed issue of fact and a 2-3 day bench trial; the underlying tort case involves multiple witnesses, potentially multiple experts, and is a two week jury trial."