UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SAMUEL R. LARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:02cv177 |
| | ) | |
| MOBILE TOOL INTERNATIONAL, INC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on six motions in limine filed by the plaintiff, Samuel R.

Large ("Large"), on July 8, 2008.  The defendants (collectively referred to as "Mobile Tool"),

filed responses on July 23, 2008, to which Large filed replies on July 28, 2008.

The court held a pretrial conference on July 28, 2008, during which time the parties and

the court discussed the motions in limine.

Discussion

Large has filed a motion in limine "to prohibit cross-examination of plaintiffs' witnesses

on the subject of present value calculations of damages figures".   Large notes that in ruling on a

May 8, 2006 motion for summary judgment, this court denied summary judgment on Large's

claim for economic damages, even though Large's expert, Peder Melberg, did not include

present value calculations in his proposed testimony regarding future economic loss damages.

(Order dated July 27, 2007 DE 233).

Large now argues that because the court ruled that Large is not obligated to introduce

present value evidence with regard to future economic loss damages at trial, that defendants

should be barred from cross-examining Melberg on the subject of present value calculations.

However, as Mobile Tool points out in response, this court explicitly held in the July 27, 2007 Order that "[t]o the extent this evidence [from Melberg] is weak, the defendants are free to point that out to the jury."  Order at 10.   The lack of present value calculations is, at least arguably, a weakness in Melberg's testimony.  Thus, Mobile Tool is free to question Melberg regarding whether he conducted a present value analysis, and why or why not.  Accordingly, Large's motion in limine on this point will be denied.

Large has also filed a motion in limine "to exclude evidence of collateral source payments".   Counsel informed the court at the pretrial hearing that the only collateral source payments at issue are worker's compensation payments.  Large argues that the collateral source rule "provides that compensation for loss which is received by a plaintiff from a source independent of the wrongdoer cannot be utilized by the wrongdoer in mitigation of damages." *Allegheny Airlines, Inc. v. United States*, 504 F.2d 104, 112 (7th Cir. 1974).  Mobile Tool, however, relies on Indiana law, which provides that "proof of the amount of money that the plaintiff is required to repay, including worker's compensation benefits, as a result of the collateral benefits received, is admissible in evidence".  Ind. Code § 34-44-1-2(2).  As Mobile Tool notes, the Seventh Circuit has held that a "federal court sitting in diversity must apply the collateral source rule of the state whose law governs the case."  Lux v. McDonnell Douglas Corp., 803 F.2d 304, 307 (7th Cir. 1986).  However, Large relies on United States Can Company v. National Labor Relations Board, 254 F.3d 626, 633-34 (7th Cir. 2001), wherein Judge Easterbrook reasoned that worker's compensation benefits are actually paid directly by the employee, because the employee trades his or her labor for the benefit, and thus the benefits are excluded from evidence.

As the parties acknowledged at the pretrial hearing, the governing law in this case is Rule

403 of the Federal Rules of Evidence, which excludes evidence that is unduly prejudicial. "Evidence of a plaintiff's receipt of insurance benefits carries with it the risk that a jury, in contravention of the collateral benefit rule, will reduce the plaintiff's pecuniary damages by the amount of the insurance payments that he has received." Air Crash Disaster Near Chicago, Illinois v. Lux, 803 F.3d 304, 309 (7th Cir. 1985).

In the present case, the worker's compensation carrier has filed a lien on any award Large may receive in this action.  Thus, it is difficult to find any prejudice to Large in admitting the evidence of worker's compensation benefits, so long as the jury is also informed that Large is required to pay back the benefits out of any award they grant him.  Thus, the evidence of worker's compensation payments that have already been paid will be admissible at trial, and the jury will be informed of the amount Large must pay back.  As the court noted at the pretrial hearing, the parties are to attempt to arrive at a stipulation regarding the amount of medical bills Large has incurred, the amount of worker's compensation benefits he has received, and the amounts that Large is required to pay back out of any award.

The court will now turn to Large's motion in limine "to exclude any reference to defendants' financial status at trial."  Large is concerned that Mobile Tool will inform the jury that it is a bankrupt corporation, in an effort to convince the jury to not award substantial damages.  Mobile Tool, however, is concerned that Large will make an issue out of the fact that it does not have certain witnesses available (which Mobile Tool claims is due to the bankruptcy), and that Mobile Tool would have to explain the absence of witnesses by informing the jury of the bankruptcy, or at least by informing the jury that it "ceased operations in the year 2002".

As the court stated at the pretrial hearing, there is no basis for informing the jury of

3

Mobile Tool's bankrupt status and, in fact, Mobile Tool does not intend to disclose its

bankruptcy to the jury.   With regard to the lack of witnesses, it is within Large's right to note to

the jury that Mobile Tool did not call certain witnesses, and Mobile Tool, in response,  is free to

remind the jury that Large was also unable to procure those witnesses.  As there is no prejudice

to either party, there is no basis to exclude the information regarding the availability of witnesses

assuming that the information is otherwise admissible.

The court will next consider Large's motion in limine to "exclude improperly designated

expert witnesses" and motion in limine to "exclude undisclosed fact witnesses".  With respect to

the motion to exclude undisclosed fact witnesses, Mobile Tool has advised that it will not be

presenting any undisclosed fact witnesses, so that motion is moot.  With respect to the motion to

exclude improperly designated expert witnesses, the argument centers on the proposed testimony

of two former Mobile Tool employees, Steve Weikart and Conrad Diehl.

Large claims that the testimony of these two employees are precluded by this court's

order regarding sanctions, entered January 7, 2008.  Large contends that they are being offered

as "expert witnesses regarding liability" and that the court banished all of Mobile Tool's expert

witnesses who would testify about liability issues.  While the January 7, 2008 Order does

broadly state in its conclusion that "Mobile Tool's expert witnesses on the issue of Mobile

Tool's liability will not be permitted to testify at trial", the only liability issue addressed by the

Order is the cause of the fire in the spoliated boom.  This fact was made more clear in the court's

ruling on the motion to reconsider, entered May 20, 2008, wherein the court stated that Mobile

Tool is being sanctioned "by being denied the opportunity to present its own expert witnesses to

testify as to the cause of the fire."  (May 20, 2008 Order at 13).  As the fire in the boom was the

4

only cause of potential liability presented to the court during the briefing of the sanctions order,

that was the only liability issue to which the sanctions pertain.  If Large has some other basis for

imposing  liability (i.e. failure to warn), then Mobile Tool is free to present expert witnesses on

those issues, assuming the witnesses and their testimony is otherwise admissible.

Finally, the court will address Large's motion in limine to "preclude the cross

examination of expert witness John Brewington regarding a withdrawn liability opinion."

Brewington is an expert in bucket truck operation, fleet maintenance, and aerial lift warnings.

On February 15, 2006, Brewington issued opinions in this case which Large then produced to

Mobile Tool.  Large claims that Brewington was forced to produce his opinion in a "rushed,

incomplete, and prejudicial" manner.  At one time, Brewington offered the opinion that Large

could have probably escaped serious injury if the aerial lift he was working in had been fit at the

time of manufacture with an end cap.   At a November 8, 2007 hearing before this court, Large's

counsel informed the court and Mobile Tool that Brewington would not be offering at trial the

opinion regarding the end cap because the opinion had been formulated based on incomplete

information about the bucket truck, the nature of the fire, and about the fire's impact on the

spoliated physical evidence.

Large now believes that Mobile Tool may attempt to cross-examine Brewington about

his withdrawn opinion, and requests that the court preclude such examination because it would

exceed the scope of direct examination, and also because the opinion was predicated on

incomplete physical and documentary evidence.

Mobile Tool argues that Large should not be permitted to avoid his own expert's

opinions previously offered in an expert report and in depositions.  Mobile Tool claims that

Brewington was not prejudiced nor was his former opinion regarding the end cap ever affected

by the spoliation or alleged failure to disclose documentary evidence.  Mobile Tool asserts that it

has a right, pursuant to Rule 613 of the Federal Rules of Evidence, to impeach an expert witness

during cross examination with prior inconsistent statements, including those made during a

deposition.  Mobile Tool further asserts that in questioning Brewington about the facts and

circumstances of the accident, it will be entitled to inquire as to the relevancy of the end cap in

this matter and/or whether he believes Large would have had more time to escape the bucket if

an end cap had been in place.  If Brewington's answers are different from his prior testimony and

report, Mobile Tool contends that it has a right to introduce Brewington's prior inconsistent

statements pursuant to Rule 613.  Large would then have the opportunity to conduct a redirect

examination of Brewington and to rehabilitate his testimony if necessary.

　　　　While the court recognizes that a short hearing may have to be had out of the presence of

the jury to determine the exact nature of Brewington's testimony and its admissibility, the court

will preliminarily rule that Mobile Tool may question Brewington regarding the end cap and his

withdrawn opinion, assuming such testimony is otherwise relevant and admissible, and does not

contravene the sanctions order.  As noted at the pretrial hearing, Large should submit a

supplemental report by Brewington to Mobile Tool, indicating that Brewington's prior opinion

regarding the end cap is no longer his opinion.

### Conclusion

　　　　On the basis of the foregoing, Large's motion in limine to prohibit cross-examination of

plaintiffs' witnesses on the subject of present value calculations of damages figures is hereby

DENIED; Large's motion to exclude evidence of collateral source payments is hereby DENIED;

Large's motion to exclude reference to defendants' financial status at trial is hereby GRANTED;

Large's motion in limine to exclude undisclosed fact witnesses is hereby DEEMED MOOT;

Large's motion in limine to exclude improperly designated expert witnesses is hereby DENIED;

and Large's motion in limine to exclude the cross examination of Brewington regarding a

withdrawn liability opinion is hereby DENIED.


   Entered: August 5, 2008.


            s/ William C.  Lee
            William C. Lee, Judge
            United States District Court