UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOBILE TOOL INTERNATIONAL, INC., et al., | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 1:02cv177 ) |
| DAVIS H. ELLIOT COMPANY, INC., | ) ) ) |
| Third-Party Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Davis Elliot Company, Inc.'s Memorandum in Support [of] Jury Trial" [DE 439] filed by Third-Party Defendant, Davis H. Elliot Company, Inc. ("Davis Elliot"), on October 2, 2008. Third-Party Plaintiffs, Mobile Tool International, Inc., and MTI Insulated Products, Inc. ("Mobile Tool"), filed their response on October 7, 2008, to which Davis Elliot replied on November 28, 2008.

Discussion

This court held a status and scheduling conference on September 22, 2008, at which time the parties and the court discussed the issue of whether this case should be tried to a jury or to the bench. Mobile Tool has taken the position that the case must be tried to the bench, whereas Davis Elliot insists that it has a right to a jury trial and has made a proper jury demand.

Davis Elliot first argues that it has demanded a trial by jury, as it set forth a jury demand when counsel entered an appearance on April 29, 2004. [DE 45] Davis Elliot claims that this jury demand entitles it to a trial by jury for the claims brought against it, pursuant to Rule 28 of the Federal Rules of Civil Procedure. Davis Elliot states that it has relied upon this jury demand in the litigation of this matter and that while this matter may involve express contractual

indemnification at its core, the claims brought by Mobile Tool have been infused with issues of fact. Davis Elliot further notes that as set forth in a prior joint proposed pre-trial order, filed on July 21, 2008 (subsequent to the bifurcation of this case), both parties agreed that this matter would be tried before a jury.

Mobile Tool, in response, notes that Rule 38(b) provides that a party may demand a jury trial by "(1) serving the other parties with a written demand – which may be included in the pleading – no later than 10 days after the last pleading directed to the issue served; and (2) filing the demand in accordance with Rule 5(d). Mobile Tool then recites the timeline of the filings in this case, pointing out that the only jury demand made by Davis Elliot was made in its counsel's entry of appearance on April 29, 2004, which was nearly 17 months before Elliot filed its counterclaim. Thus, Mobile Concludes that even if the April 29, 2004 jury demand was effective as to those issues raised in the third-party complaint, Elliot failed to make a jury demand with respect to its counter-claim claim, which was filed on September 20, 2005. [DE 103]

Mobile Tool cites to <u>McBride v. Soos</u>, 679 F.2d 1223, 1225 (7th Cir. 1982), for the proposition that amended pleadings operate to revive Rule 38's timeline for issues that are first raised in the amendment. Mobile Tool states that Elliot's counterclaim raised, for the first time, a spoliation claim, but Davis Elliot failed to demand a jury trial for its spoliation claim within 10 days of the last pleading on the issue.

Davis Elliot has replied to Mobile Tool's arguments and maintains that once a jury is made in a case by any party, other parties are entitled to rely upon those jury demands. <u>Kramer v. Banc of America Securities</u>, 355 F.3d 961, 968 (7th Cir. 2004); <u>Partee v. Buch</u>, 28 F.3d 636 (7th

2

Cir. 1994). Davis Elliot notes that the record contains many jury demands, by all parties, at many different times throughout this litigation. The plaintiff in this case, Samuel Large, set forth a jury demand in his Complaint [DE 1], Mobile Tool set forth a jury demand in its answer to the Complaint [DE 5], Large set forth a jury demand in his Amended Complaint [DE 79], Mobile Tool set forth a jury demand in its answer to Large's Amended Complaint [DE 102], and Davis Elliot set forth a jury demand in its appearance [DE 45].

This court finds that Davis Elliot has made a timely jury demand and, moreover, is entitled to rely on the multiple jury demands filed by the other parties in this case. With respect to Mobile Tool's position that an amended pleading restarts the jury demand deadline with respect to new claims, the court notes that Davis Elliot did not file an amended pleading. Rather, Davis Elliot filed an answer to the third-party complaint and this answer included a counterclaim (which the parties frequently refer to as a cross claim) [DE 103]. Although Davis Elliot was required to file an amended answer and counterclaim to be in compliance with Local Rule 10.1, this amendment did not make any substantive changes to the original answer, and thus does not trigger the new deadline for filing a jury demand. When Davis Elliot was first brought into this case in April 2004, by the filing of the third-party complaint, it entered an appearance and set forth a jury demand. There is no basis for construing this jury demand as limited to certain claims, as Mobile Tool seems to suggest. Rule 38(c) provides that : "In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable." As Davis Elliot's jury demand did not specify any particular issues, the court will apply Rule 38(c) and holds that Davis Elliot has demanded a jury trial on all the issues so triable. Moreover, it is clear that many jury demands have been

3

made in this case, and a jury trial was anticipated at the time the pre-trial order was prepared (prior to the settlement of the main portion of this case). Thus, the court finds that Davis Elliot was entitled to rely on the jury demands of the other parties and was not required to re-file its own jury demand.

The remaining issue is whether Davis Elliot is entitled to a jury trial on any of the remaining issues in this case, specifically indemnification and spoliation. Mobile Tool apparently agrees that due to the contractual nature of the indemnification claim and the related factual disputes, Davis Elliot has a right to a jury trial on that claim. However, Mobile Tool argues that a bench trial should be held on the spoliation claim[1] to prevent prejudice to Mobile Tool on the indemnification issue. However, there is clearly no legal basis for subjecting the spoliation claim to a bench trial and, thus, the issues raised by this claim will also be tried to the jury.

---

[1] Davis Elliot states that the question with regard to spoilation, which is ripe for jury determination, is if Elliot owes indemnification to Mobile Tool, how much of the amount for which this case was settled by Mobile Tool was due to the fact that its case was severely weakened by its wrongful conduct? Further, how much of Mobile Tool's fees and costs in this case were due to defense of its spoliation? Davis Elliot states that "If in the unlikely event that indemnification is found, these amounts are not owed by Elliot."

## Conclusion

On the basis of the foregoing, the court rules that Davis Elliot is entitled to a jury trial on all the issues remaining in this case.

Entered: December 1, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court