UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL R. LARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:02cv177 |
| ) | |
| MOBILE TOOL INTERNATIONAL, INC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| MOBILE TOOL INTERNATIONAL, INC. ) | |
| et al., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVIS H. ELLIOT COMPANY, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment on third party defendant Davis H. Elliot Company, Inc's ("Davis Elliot") spoliation counterclaim, filed by the third party plaintiff, Mobile Tool International, Inc. and MTI Insulated Products, Inc. (collectively "MTI"), on July 13, 2009. Davis Elliot filed its response on August 12, 2009, to which MTI replied on August 20, 2009.

Also before the court is a motion to set trial, filed by Davis Elliot on July 13, 2009. MTI responded to the motion on July 30, 2009, and Davis Elliot has declined to file a reply.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim.  Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff."  Id.  In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party."  Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the

motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the

outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

The background facts of this case have been set forth in previous orders and will not be repeated here. In the present motion, MTI requests summary judgment on Davis Elliot's spoliation counterclaim. MTI claims that the spoliation claim is a collateral attack on the amount of MTI's settlement with the plaintiff, Samuel Large ("Large"), and MTI's attorneys' fees.

MTI notes that this court's Order entered on January 7, 2008, regarding Davis Elliot's motion for summary judgment, held that:

> [T]his court has granted Large's Motion for Sanctions against the Mobile Tool Defendants, and Mobile Tool will not be permitted to profit from the destruction of evidence during the trial.

4

> Accordingly, as appropriate sanctions are available to insure that all parties receive a fair trial in this case, the court will deny Elliot's Motion for Summary Judgment on the issue of spoliation.

Order at 8.

On September 18, 2008, Large settled his case against MTI, and also withdrew his motion for sanctions against MTI. In an order dated June 3, 2009, this court granted MTI's renewed motion for summary judgment on its third party complaint (Counts I and II) against Davis Elliot and granted judgment in favor of MTI and against Davis Elliot in the amount of $4,325,903, plus interest. However, as Davis Elliot's spoliation counter-claim was not expressly resolved by the June 3, 2009 Order, this court granted the parties time to file appropriate motions. MTI has thus filed the current summary judgment motion, arguing that the spoliation claim is moot and/or not a valid claim under Indiana law.

Davis Elliot acknowledges that Large withdrew his motion for sanctions as part of the settlement with MTI. However, Davis Elliot argues that this court's order setting forth sanctions was never withdrawn, and was not rendered moot by the withdrawal of the motion for sanctions. Davis Elliot also reminds the court that it had filed its own motion for sanctions on January 23, 2008, which motion was briefed out but deferred by the court on March 19, 2008. Large then settled with MTI on September 15, 2008. Shortly thereafter, on September 22, 2008, the court set a trial date for the remaining portion of the case, the indemnification claim asserted by MTI against Davis Elliot, and noted in a minute entry that the motion for sanctions "will be considered an issue to be tried..."

However, due to a change in Virginia law, which applied to the indemnification claim, MTI filed a renewed motion for summary judgment on the indemnification claim. This motion

for summary judgment was granted on June 3, 2009, obviating the need for a trial on that issue. However, Davis Elliot's motion for sanctions has never been ruled upon[1].

As set forth in this court's January 7, 2008 order denying Davis Elliot's motion for summary judgment on spoliation, there is no authority for the proposition that Davis Elliot's spoliation claim is supported by Indiana law.  Rather, as set forth in Gribben v. Wal-Mart Stores, Inc., 824 N.E.2d 349, 355 (Ind. 2005) and Glotzbach v. Froman, 854 N.E. 2d 337, 341 (Ind. 2006), such a claim has not been recognized in Indiana.  (See January 7, 2008 Order at 7-8).  Therefore, MTI's motion for summary judgment on the spoliation claim will be granted.

However, this is not yet the end of this case.  As noted above, Davis Elliot has an outstanding motion for sanctions, which at this point has become akin to a post-judgment motion relating to damages.  MTI has characterized Davis Elliot's attempts to obtain a reduction in damages as an inappropriate collateral attack on the settlement[2].  It is clear, however, that Davis Elliot is not attacking the settlement.  Rather, Davis Elliot is objecting to being required to pay for MTI's sanctionable conduct.  Davis Elliot's motion for sanctions merely requests that it be placed back in the position it would have been in if not for MTI's misconduct.

Davis Elliot notes that this court has entered an order making the fact of sanctions a matter of law, and legal precedent in this litigation.  Thus, Davis Elliot argues that, by virtue of

---

[1] For administrative/docketing purposes, the motion for sanctions [DE 281] was removed from the docket as a pending motion at the time that it was integrated into the trial setting for the indemnification claim.  However, the Clerk of the Court has been directed to reinstate the motion as a pending motion.

[2] Virginia law clearly holds that if an indemnitor refused a request for contractual defense and indemnity, the indemnitor is estopped from collaterally attacking the amount of the settlement and fees, except on the grounds of lack of jurisdiction, fraud, or collusion.  Liberty Mutual Ins. v. Eades, 248 Va. 285, 448 S.E.2d 631 (1994).

the doctrine of "law of the case", MTI is precluded from denying that it spoliated evidence and otherwise took part in wrongful or damaging conduct. The doctrine of "law of the case" applies to prior rulings in the same case. Teague v. Mayo, 553 F.3d 1068, 1073 (7th Cir. 2009). Although MTI weakly argues that Davis Elliot should not be able to use any sort of collateral estoppel or res judicata offensively in this case, MTI has failed to support its argument with any authority. MTI also argues, without authority, that there was no sanction pending at the time Large settled with MTI, and thus spoliation could not have caused Davis Elliot any harm. Although MTI does not elaborate on this exotic theory of defense, it appears that MTI is of the opinion that since Large withdrew his motion for sanctions as part of the settlement, that all the issues and rulings flowing from the motion for sanctions simply disappeared. Notably, however, MTI has never filed a motion to vacate the order on the motion for sanctions, nor would there be any valid basis for doing so. As MTI has failed to provide any legal basis for ignoring the prior orders entered in this case, Davis Elliot's argument that it may rely on prior rulings with respect to MTI's sanctionable conduct is well-founded. Therefore, Davis Elliot will be permitted to litigate its motion for sanctions and, in due time, Davis Elliot will be permitted to present evidence to the court regarding damages it incurred as a result of MTI's misconduct in this case.

## Conclusion

On the basis of the foregoing, MTI's motion for summary judgment [DE 463] is hereby GRANTED. Further, Davis Elliot's motion to set trial on damages [DE 464] is hereby DENIED.

7

By way of a separate entry, the court will schedule a telephone status conference to discuss a briefing and hearing schedule on Davis Elliot's motion for sanctions.

Entered: September 22 , 2009.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court