UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL LARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:02cv177 |
| ) | |
| MOBILE TOOL INTERNATIONAL, et.al, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on the parties' statements regarding discovery [DE 478 and DE 479], filed by Davis H. Elliot Co., Inc. ("Davis Elliot") and Mobile Tool International, Inc.("Mobile Tool") on November 16, 2009. A telephone conference was held on December 7, 2009.

## Discussion

There is pending before this court a motion for sanctions, filed by third-party defendant/counter-claimant Davis Elliot against Mobile Tool. In an attempt to guide the motion to eventual resolution, the court held a status conference on October 16, 2009, to discuss the practical matters of how discovery should proceed. The parties were then invited to submit a Joint Proposed Discovery Plan. If the parties were unable to agree, then the parties were to submit a brief outline their respective position regarding discovery. An agreement was not reached, and the court has considered the respective positions.

Mobile Tool has raised a few issues that warrant minimal discussion. First, Mobile Tool claims that Davis Elliot "cannot prosecute the motion for spoliation because it failed to obtain relief from the Bankruptcy Court's automatic stay." Mobile Tool has mis-spoken in that the

motion for spoliation is no longer pending before this court.  Rather, the only motion before the court is the motion for sanctions.  Additionally, the automatic stay does not come into play because the motion for sanctions arose after the bankruptcy occurred.  Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates to stay "a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 999 (N.D. Ga. 1983) (quoting 11 U.S.C § 362(a)(1)).  Section 362 "neither expressly nor implicitly prohibits causes of action which arise <u>after</u> the petition in bankruptcy is filed." Id. (emphasis in original).

Second, Mobile Tool argues that any discovery that is permitted to take place should be narrow, and that discovery regarding fees incurred by Mobile Tool in the litigation is not relevant.  The court notes that at present there is not before it a ripe discovery dispute.  In the absence of any discovery actually being scheduled and under objection, the court will not speculate at this time as to what is or is not relevant.

Mobile also contends that there are only three relevant witnesses with respect to the motion for sanctions because the settlement of Mr. Large's claim was reached between three people: Mr. Large, Mr. Ison (adjuster for Mobile Tool's primary policy) and Mr. McDaniel (adjuster for Mobile Tool's excess policy).  Davis Elliot has taken the position that it is necessary to have expert witnesses evaluate the settlement and the effect the sanctions order had on Mobile Tool's settlement position.  As a general matter, the court finds it reasonable to permit expert witnesses on the issue of the effect of the sanctions order on Mobile Tool's settlement position.  As there is no ripe discovery dispute before it, however, the court will not make

speculative rulings as to who would be a qualified expert, and to what they would be permitted to testify. Mobile Tool has indicated to the court that if expert witnesses are permitted, then only one expert per side should be permitted, and that Davis Elliot should be required to disclose its expert first because it is the moving party. This court believes that one expert per side should be sufficient, although the parties may petition the court for leave to add additional experts if a justifiable need for more experts arises. As the moving party, Davis Elliot should disclose its expert first.

Having resolved, as far as possible, the issues raised by the parties in their statements regarding discovery, the court will set forth a discovery schedule.

## Conclusion

Having considered the parties' statements regarding discovery [DE 478 and DE 479] the court hereby ORDERS the parties to proceed with discovery as follows:

1. Written discovery (Interrogatories and Requests for Production of Documents) to be propounded by January 15, 2010.

2. Written discovery to be answered by February 28, 2010.

3. Fact witnesses to be disclosed by March 31, 2010

4. Expert witnesses to be disclosed by April 30, 2010.

5. Expert witnesses to be deposed on or before May 30, 2010.

6. Briefs and Position Statements due on or before June 30, 2010.

Entered: December 8, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court