**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **SAMUEL R. LARGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.  1:02-CV-177** |
| | ) | |
| **MOBILE TOOL INTERNATIONAL,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 495.)  As the proposed order contains several major defects, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).   However, the protective order submitted by the parties fails to provide an adequate basis for finding good cause.

First, the order's definition of "Protected Documents" is impermissibly broad.  It provides that "documents to be produced by MTI – namely, the billing entries and MTI-DE 000154" be designated as confidential. (Proposed Agreed Protective Order ¶ 1.)  However, under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind.

2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the Court has no idea what "MTI-DE 000154" is and why it should be kept confidential. *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) ("[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002))).

Furthermore, the definition of "Protected Documents" encompasses all "documents to be produced by MTI", rather than just the billing entries and MTI-DE 000154. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

In addition, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Here, the proposed order contains no such language.

And finally, paragraph 11 of the proposed order provides that the Court will retain jurisdiction over the parties for enforcement of the protective order following termination of the litigation. "The Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc*. No. 03:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But

such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties (Docket # 495).

SO ORDERED.

Enter for this 6th day of August, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge