UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL LARGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:02cv177 |
| | ) |
| MOBILE TOOL INTERNATIONAL, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on "Mobile Tool's Motion for Award of Pre- and Post-Judgment Interest", filed on December 20, 2011. Davis H. Elliot, the third-party defendant in this case, filed a response to the motion on December 29, 2011, and also filed its own "Motion for an Order on Pre- and Post-Judgment Interest" on this same date[1]. On January 9, 2012, Mobile Tool filed a reply in support of its motion.

Also before the court is Davis Elliot's "Motion for Provisional Stay of Execution", filed on February 1, 2012, which Mobile Tool responded to on February 14, 2012. On March 2, 2012, the parties entered into a "Stipulation Regarding Bonding of Judgment", which the parties agree moots the motion for stay of execution.

Discussion

On June 3, 2009, the court granted Mobile Tool's Renewed Motion for Summary

---

[1]In its brief filed on December 29, 2011, Elliot seeks reconsideration of "pre-claim fees and costs" and asks the court to amend the December 1, 2011 judgment to exclude the fees that were expended by Mobile Tool prior to the date of its Third-Party Complaint, on April 7, 2004. As this court has noted before, in the November 22, 2011 order, Elliot's opportunity to contest the fees and costs in this case has long passed. The request for reconsideration is denied.

Judgment, awarding Mobile Tool $4,325,903 plus interest. After briefing and an evidentiary hearing on Elliot's Motion for Sanctions, the court granted in part and denied in part Elliot's Motion for Sanctions. The court reduced the prior award by $94,619.51, resulting in a judgment of $4,231,283.49.

Despite the urging of the court, the parties were unable to agree on all issues relating to pre- and post-judgment interest. The parties agree on the source and rates of interest, as well as on the dates and amounts of payments for settlement fees and costs. Virginia law governs pre-judgment interest in this case. Accordingly, pre-judgment interest accrues at the statutory rate of 6.00%. (Va. Code Ann. § 6.2-302.) Post-judgment interest accrues according to the United States Code, and is to be calculated from the date of the entry of final judgment. Pursuant to the United States Code, post-judgment interest is to accrue at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Moreover, post-judgment interest compounds annually from the date on which post-judgment interest begins. For purposes of the pending motions, it is not disputed that Mobile Tool made settlement payments to Mr. Large on December 16, 2008 (in the amount of $1,000,000), December 18, 2008 ($1,100,000, in two separate payments of $550,000 each), and January 6, 2009 ($1,100,000). The parties agree to calculate interest on fees and costs using a quarterly pooling method. The parties further agree to reduce the fees and costs in accordance with the final judgment by using the report of Elliot's retained witness, Katherine Hawke.

The parties dispute the date of the final judgment. They also dispute whether, in the court's discretion, pre-judgment interest can be denied in full or in part. Mobile Tool, of course,

has taken the position that it should be awarded all available pre-judgment interest, accruing from dates of payment by or on behalf of Mobile Tool. Davis Elliot, however, claims that Mobile Tool should not be awarded any pre-judgment interest.

Under Virginia law, pre-judgment interest serves to compensate a party for the loss it sustained by not receiving the amount to which it was entitled at the time it was entitled to receive it, and is "considered necessary to place [that party] in the position [it] would have occupied if the party in default had fulfilled its obligated duty." *Marks v. Sanzo*, 231 Va. 350, 356, 345 S.E.2d 263, 267 (1986). The court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code Ann. § 8.01-382.

An award of prejudgment interest under the Virginia Code is within the Court's discretion. *See, e.g., Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, Case No. 1:10-cv-1246, 2011 U.S. Dist. LEXIS 115533, at *3-*4 (E.D. Va. Oct. 6, 2011) (citing *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 631, 449 S.E.2d 799, 801 (1994). District courts are guided to "weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate." *Id.* at *4 (quoting *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000)). Two competing rationales are considered: (1) the notion that the party, denied use of money to which it is rightfully entitled, should be compensated for that loss, and full compensation includes interest; and (2) the reluctance to award prejudgment interest when the legal dispute is bona fide. *Id.* Even if a bona fide dispute exists, however, it does not preclude the pre-judgment interest award. *Id.* at *5. Rather, sole discretion lies with the district court in all cases.

There was, undoubtedly, several bona fide legal disputes in this case. This case began in May of 2002, a little over 10 years ago. During the pendency of this case 552 docket entries were made. The print-out of the docket for this case is 71 pages long, which is likely a record in this court. Many motions for summary judgment were filed, ruled upon, asked to be reconsidered, and ruled upon again. Motions for sanctions were filed, evidentiary hearings were held and, in some instances, sanctions were actually imposed. The case prepared for trial several times, only to be interrupted by a new slew of motions.

Nevertheless, Mobile Tool insists that, at least with respect to Davis Elliot's involvement, there were absolutely no bona fide legal disputes. Mobile Tool states that "Elliot idly sat in breach of its obligation to indemnify Mobile for years" and that "Elliot loitered on the sidelines, forcing Mobile Tool to incur substantial expenses to defend and resolve the case."

As Davis Elliot correctly points out, however, Mobile Tool was seeking indemnification for its own negligence, a theory which has been flatly rejected by numerous jurisdictions as a violation of public policy, but that had not, at that time, been addressed by the Virginia courts. Additionally, Mobile Tool had been sued by Large for negligent design and negligent manufacture of a product, and Elliot's position was that Large's injuries arose out of Mobile Tool's negligent design and manufacture, not the use of the product. In other words, Elliot asserted that Large's claims, and not Mobile Tool's claims, should dictate whether the indemnification clause of the contract was triggered, as it was Large's claims for which Mobile Tool was seeking indemnification. Moreover, although Mobile Tool likes to downplay the fact, Mobile Tool participated in contumacious and improper conduct during, and even prior to, the underlying litigation. Undoubtedly, this caused significant hesitancy for Elliot to take over the

litigation and indemnify Mobile Tool in such a situation. Mobile Tool's conduct included spoliation of the subject boom long before Mobile Tool first approached Elliot to pursue indemnity. Elliot's concerns, of course, were well-founded, as Mobile Tool was eventually sanctioned by this court for that conduct.

This court agrees that Elliot had a good faith basis for resisting Mobile's claim for indemnification. The court is also mindful of the fact that, in an attempt to simplify the case at times, the indemnification issues were set aside by the court until after the main case was litigated. Thus, even though Elliot had filed motions regarding the indemnification issues, the motions were not addressed until much later due to the many issues raised by the Large versus Mobile Tool portion of the case that needed to be dealt with before even considering whether there was a need to address the indemnification issues.

Accordingly, in the discretion of the court, it is determined that the equities in this case greatly favor the denial of pre-judgment interest, due to the presence of several bona fide legal disputes, and the tortured, convoluted path this case took as it slowly dragged its mangled carapace to its final resting place.

The remaining issue is to determine when post-judgment interest began to accrue. As noted, post-judgment interest is not discretionary, and it begins to accrue on the date that a fixed amount of judgment debt is rendered by the fact finder. *Upper Occoquan Sewage Auth. v. Blake Construct. Co., Inc.*, 275 Va. 41, 64, 655 S.Ed.2d 10, 23 (2008). Mobile Tool has taken the position that this court's November 22, 2011 order, which granted in part and denied in part Elliot's motion for sanctions against Mobile Tool, is the final judgment. As Elliot correctly argues, however, post-judgment interest runs from the date of the final, appealable judgment,

which was entered by the Clerk of the Court on December 1, 2011.

As the parties have agreed that post-judgment interest accrues according to the United States Code, the court will leave it to the parties to implement this agreement and determine the exact amount of post-judgment interest to be paid.

## Conclusion

On the basis of the foregoing, the motion for pre-and post-judgment interest [DE 546,] is hereby GRANTED IN PART AND DENIED IN PART. Elliot's motion for reconsideration [DE 548] is hereby DENIED. Further, Elliot's motion for stay of execution [DE 550] is hereby DEEMED MOOT.

Entered: June 14, 2012.

s/ William C. Lee
William C. Lee, Judge
United States District Court